Cavanaugh v Consolidated Edison Co. of N.Y., Inc. (2026 NY Slip Op 50323(U))

[*1]

Cavanaugh v Consolidated Edison Co. of N.Y., Inc.

2026 NY Slip Op 50323(U)

Decided on March 2, 2026

Supreme Court, Westchester County

Jamieson, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on March 2, 2026
Supreme Court, Westchester County

Kevin Cavanaugh, Plaintiff,

againstConsolidated Edison Company of New York, Inc., and 
 RIGGS DISTLER & COMPANY, INC., Defendants.

Index No. 75793/2025

Law Offices of Francis X. Young, PLLCAttorneys for Plaintiff360 Hamilton Avenue, Suite 1010White Plains, New York 10601Wilson, Elser et al.Attorneys for Defendant Riggs Distler & Company, Inc. 
1133 Westchester Avenue 
White Plains, New York 10604Lauren A. JonesAttorneys for Defendant Consolidated Edison Company of New York, Inc.4 Irving Place, Room 1800New York, NY 10003-3598Office of the Corporation CounselAttorney for the City of Mount VernonOne Roosevelt SquareMount Vernon, NY 10550

Linda S. Jamieson, J.

The following papers numbered 1 to 3 were read on this motion:
Papers                
NumberedNotice of Motion, Affirmation and Exhibits 1Memorandum of Law 2Affirmation in Response 3Defendant Riggs Distler & Company, Inc. ("Riggs") brings its motion seeking to consolidate this action with another action pending in this Court, Index No. 60298/2025 (the "First Action"), for the purposes of joint discovery and joint trial.
The basis of the motion is that both actions involve the same exact trip and fall accident. Plaintiff initially commenced the First Action in April 2025 against the City of Mount Vernon. Then, presumably after more investigation, plaintiff commenced this action against these two defendants in November 2025. According to Riggs, no depositions have occurred in either action.
In response to the motion, plaintiff states that he does not oppose it. This makes sense, given the inefficiencies that would occur if the actions remained separate. The Court notes that although Riggs seeks to have the actions consolidated under the Index Number for this action, that is not possible, as the consolidated action must be under the First Action's Index Number. Therefore, the Court grants the motion, but consolidates the action under Index No. 60298/2025. The new caption shall have the City of Mount Vernon as the first named defendant, as set forth on page 5 of Riggs' Memorandum of Law (NYSCEF Doc. No. 18).
The foregoing constitutes the decision and order of the Court.
Dated: March 2, 2026White Plains, New YorkHON. LINDA S. JAMIESONJustice of the Supreme Court